(72 Misc. Rep. 511.)

GLIELMI et al. v. GLIELMI et al.

(Supreme Court, Trial Term. Onondaga County. June, 1911.)

CURTESY (§ 11*)—RIGHT TO ESTATE.

Where a married man having children capable of inheriting is sent to prison for life, his wife marries again, and he is subsequently pardoned, and his wife thereafter dies seised of real property, the first husband has no curtesy in her estate; Penal Law (Consol. Laws 1909, c. 40) § 511, providing that a person sentenced to imprisonment for life is deemed civilly dead, and Domestic Relations Law (Consol. Laws 1909, c. 14) § 6, providing that a marriage is absolutely void if contracted by a woman whose husband is living, unless he has been sentenced to imprisonment for life.

[Ed. Note.—For other cases, see Curtesy, Cent. Dig. § 39; Dec. Dig. § 11.*]

Action by Joseph Glielmi and others against Antonio Glielmi and others for partition. Judgment for plaintiffs.

Hancock, Hogan & Hancock, for plaintiffs.
Cregg Bros. & Rulison, for defendant Antonio Glielmi.

ANDREWS, J. Antonio and Lucrezia Glielmi were husband and wife. Of this marriage children were born capable of inheriting their parents' estate. In June, 1891, Antonio was convicted of murder in

the second degree in a court of this state and sentenced to imprisonment in a state prison for life. In September of the same year Lucrezia married one Vincenzo Doloir, who, so far as appears, is still living. Dunn v. Travis, 56 App. Div. 317, 67 N. Y. Supp. 743. There were no children of this marriage. In 1895 Antonio's sentence of life imprisonment was commuted to 15 years, and he was discharged from prison in 1900, when the commuted sentence expired. Lucrezia died intestate in 1910. At that time she was seised and possessed of four pieces of real estate, situated in the city of Syracuse. She obtained title thereto after her marriage to Doloir. This action is brought to partition such real estate. Antonio was made a party, and he answers, claiming an interest therein as tenant by the curtesy. The only question involved is as to this claim.

Section 511 of the penal law (Consol. Laws 1909, c. 40) provides that:

"A person sentenced to imprisonment for life is thereafter deemed civilly dead."

Section 6 of the domestic relations law (Consol. Laws 1909, c. 14) provides that:

"A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless * * * (2) such former husband or wife has been finally sentenced to imprisonment for life."

Section 58 of the same law provides that:

"A pardon granted to a person sentenced to imprisonment for life within this state does not restore that person to the rights of a previous marriage."

The marriage, therefore, of Lucrezia and Doloir was not void. Whether the life imprisonment and the civil death of Antonio was equivalent to an absolute divorce in favor of Lucrezia need not be decided. The most that can possibly be claimed by Antonio is that his marriage was only suspended or in abeyance, and that the marriage with Doloir was voidable upon his release, and upon action being taken by one of the three parties to the same. "Otherwise both marriages would be in force at the same time, and to this extent polygamy would be sanctioned by law." Stokes v. Stokes, 198 N. Y. 301, 91 N. E. 793. As no such action was taken, the Doloir marriage remained in force down to the death of Lucrezia; and, even assuming that her marriage with Antonio was merely in abeyance, she did not become seised of this property during coverture. This necessary prerequisite to an estate by the curtesy in the husband, therefore, did not exist.

Judgment for plaintiffs.